Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines, Esq.
Nevada Bar No.: 9411
Gerardo Avalos, Esq.
Nevada Bar No.: 15171
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
Ghaines@freedomlegalteam.com
*Counsel for Plaintiff Austin Love*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Austin Love, | Case No.: |
| Plaintiff, | **Complaint for damages** |
| v. | |
| Ad Astra Recovery Services, Inc., | **Jury trial demanded** |
| Defendant. | |

**Introduction**

1. In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. The FDCPA is intended to eliminate abusive debt collection practices by debt collectors. The Act ensures that law-abiding debt collectors are not competitively disadvantaged, and protects consumers against debt collection uniformly among the States. This action arises out of FDCPA violations by the Defendant as further described herein.

2. Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. (the "EFTA"), to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer system, most particularly, to provide consumers with individual rights. Along these lines, this matter also arises out of EFTA violations by the Defendant as further described herein.

3. As a result of any ill-gotten funds by the Defendant the Plaintiff also brings a State law claim for "conversion" against the Defendant.

4. Austin Love ("Plaintiff"), by counsel, brings this action to challenge the actions of Ad Astra Recovery Services, Inc. ("Ad Astra" or "Defendant"), with regard to Defendant's unlawful collection of debt from Plaintiff, causing harm to Plaintiff.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

## Jurisdiction and Venue

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

10. This action arises out of Defendant's violations of the FDCPA and EFTA.

11. Defendant is subject to personal jurisdiction in Nevada, as it is registered with the Nevada Secretary of State and conducts business in Nevada, and collected debt from Plaintiff in Nevada.

12. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

## Parties

13. Plaintiff is a natural person who resides in Clark County, Nevada.

14. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a company that offers debt collection services.

16. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts; or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and is a debt collector as defined by 15 U.S.C. § 1692a(6).

17. Ad Astra is a corporation doing business in the State of Nevada.

18. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## Factual allegations

19. The following is some of the information Plaintiff is currently aware of, and it is expected that after Plaintiff conducts discovery, these allegations will be bolstered and enhanced through discovery.

20. Plaintiff is alleged to have owed a debt to Rapid Cash Deals, LLC for a high interest loan (the "debt").

21. The debt was incurred primarily for personal, family or household purposes and the debt is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).

22. The validity of the alleged debt is immaterial to this action, and Plaintiff currently takes no position as to its validity.

23. Sometime thereafter, Ad Astra was assigned the right to collect on the debt.

24. Plaintiff became aware that Ad Astra was attempting to collect on the debt after Plaintiff received a notification from Plaintiff's credit monitoring service showing that Ad Astra was reporting a debt.

25. Plaintiff contacted Rapid Cash Deals, LLC, who told Plaintiff that all of Plaintiff's relevant documents were sent to Ad Astra.

26. Plaintiff contacted Ad Astra multiple times to get information on the debt; however, Plaintiff was unsuccessful. Ad Astra hung up on Plaintiff because she was asking for "too much information." Further, Ad Astra never provided Plaintiff with the requested documents relating to the debt.

27. Eventually, Plaintiff spoke again with Ad Astra in Plaintiff's attempt to set up a payment agreement. However, Ad Astra told Plaintiff she would have to wait 5 to 7 days before setting up an agreement. After questioning Ad Astra about the waiting period, Plaintiff was told by Ad Astra that the funds were going to be automatically withdrawn from Plaintiff's account.

28. Plaintiff never gave Ad Astra permission to automatically withdraw funds from Plaintiff's bank account.

29. On March 2, 2021, Ad Astra unlawfully withdrew $986.98 from Plaintiff's Chase Bank account.

30. This withdrawal was an unauthorized electronic fund transfer as defined by 15 U.S.C. § 1693a(12) and 12 C.F.R. 1005.2(m), thereby violating 15 U.S.C. § 1693, et seq.

31. By withdrawing the aforementioned funds, Ad Astra deprived and/or prevented access to Plaintiff's funds to pay bills and other personal purposes. To date, Ad Astra has not refunded this money to Plaintiff.

32. Ad Astra used unfair and unconscionable means to unlawfully collect an amount of money that was neither expressly authorized by any agreement nor permitted by law, thereby violating 15 U.S.C. § 1692 et seq.

33. In addition to the foregoing, the ill-gotten funds and Ad Astra's conduct amounts to civil theft of Plaintiff's property in violation of common law conversion.

**Plaintiff's damages**

34. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

35. Further, Plaintiff alleges Defendant's actions at all times herein were "willful."

36. As a direct consequence of Defendant's harassing acts, practices, and conduct, Plaintiff has suffered emotional distress and mental anguish.

37. Plaintiff has lost funds which Defendant was not authorized to take possession of.

COMPLAINT - 5 -

38. Further, Plaintiff suffered humiliation and embarrassment when Plaintiff needed to seek the help of others, including friends, family, and an attorney, because Plaintiff felt helpless against Defendant.

## First Cause of Action
## Fair Debt Collection Practices Act
## 15 U.S.C. § 1692 et seq.

39. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

40. Defendant's conduct violated § 1692e(5) by threatening to take action against Plaintiff which could not be legally taken in connection with the debt. Specifically, Defendant threatened to withdraw funds out of Plaintiff's account, which Defendant was not legally entitled to.

41. Defendant's conduct also violated § 1692d in that Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt. Specifically, Defendant's refusal to turn over documents related to the debt, refusal to discuss a payment agreement option, and hanging up on the Plaintiff had the natural consequences to harass, oppress, or abuse a consumer.

42. Defendant's conduct violated § 1692e by using false, deceptive, and misleading representations and means in connection with the collection of any debt. Specifically, Defendant's statement that a payment agreement could be discussed in five to seven days, was a false, deceptive, and misleading statement because Defendant already intended to withdraw the funds from Plaintiff's bank account.

43. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

44. Defendant’s conduct violated 15 U.S.C. § 1692f(l) in that Defendant collected an amount of money not expressly authorized by the agreement creating the debt or permitted by law.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.

46. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney’s fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Second Cause of Action**

**Electronic Funds Transfer Act**

**U.S.C. § 1693 et seq.**

47. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the EFTA, including but not limited to each and every one of the above-cited provisions of the EFTA.

49. As a result of each and every violation of the EFTA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

**Third Cause of Action**

**Conversion**

50. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

51. Defendant intentionally took monies from Plaintiff's bank account.

52. At all times, Plaintiff owned and/or had full possessory rights over the funds in her bank account.
53. At all times, Defendant had no possessory rights to the funds in Plaintiff's bank account.
54. Defendant prevented Plaintiff from having access to, and fully deprived Plaintiff of, any possessory rights or enjoyment of her chattels or monies described above.
55. Defendant's conduct was oppressive, fraudulent, malicious, and outrageous.
56. Defendant harmed Plaintiff by fully depriving Plaintiff of the full use, value, and enjoyment of the monies described above.
57. Defendant further caused Plaintiff to suffer emotional distress.
58. The conduct of Defendant was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be established at trial.
59. Plaintiff is entitled to punitive and exemplary damages in an amount to be established at trial.

## Prayer for relief

60. Wherefore, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:
    - An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
    - An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
    - An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
    - An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1);
    - An award of statutory damages of not less than $100.00, and not more than $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1693m(a)(3);
- An award of general and special damages in an amount proven;
- An award of punitive damages; and
- Any other relief that this Court deems just and proper.

## Jury Demand

61. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 16, 2021.

Respectfully submitted,

**KIND LAW**

 /s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

**FREEDOM LAW FIRM**

 /s/ George Haines
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
*Counsel for Plaintiff Austin Love*

COMPLAINT - 9 -